COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-240-CV

STEVEN BIERMERET APPELLANT

V.

THE UNIVERSITY OF TEXAS

SYSTEM APPELLEE

------------

FROM THE 342ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

As a result of a slip and fall in the shower area at a swimming facility owned by The University of Texas at Arlington (“UTA”),
(footnote: 2) Appellant Steven Biermeret sued UTA and asserted negligent-use-of-tangible-personal-property and premises liability claims.
(footnote: 3)  The trial court granted UTA’s plea to the jurisdiction and combined no-evidence and traditional summary judgment motion and refused to state the reasons for its rulings.  Biermeret raises four issues on appeal.  Because the facts pleaded by Biermeret and the  jurisdictional evidence presented to the trial court do not raise a fact question concerning the trial court’s subject matter jurisdiction over his negligent-use-of-tangible-personal-property claim, and because, according to binding Texas Supreme Court precedent,
(footnote: 4)  Biermeret was required to—but did not—produce some jurisdictional evidence that UTA had either actual or constructive knowledge that the exact water that Biermeret slipped on was actually on the floor when he slipped on it, we must affirm the trial court’s ruling sustaining UTA’s plea to the jurisdiction.

II.  Factual and Procedural Background

Biermeret paid to use UTA's exercise facilities, including its indoor swimming pool.  It was his normal routine to check in, change in the locker room, shower prior to swimming, and then go into the pool and swim.  One day in June 2004, Biermeret commenced this routine.  After taking his preswim shower, Biermeret exited the shower, walked across the shower area on some mats, stepped off of a mat onto an uncovered area of the tile floor, and slipped and fell on the tile floor.  Paramedics arrived and took Biermeret to receive medical treatment for the injuries he sustained in the fall.  

Biermeret subsequently filed suit against UTA.  Biermeret pleaded a premises liability claim, asserting that the recreational use statute did not apply and that UTA therefore owed and breached the duty that a private person owes an invitee.  Biermeret alternatively pleaded that, if the court found that the recreational use statute did apply, then UTA owed and breached the duty that a private person owes a trespasser.  In the alternative to the premises liability claim, Biermeret also alleged that UTA negligently used tangible personal property.  

UTA soon thereafter filed a single pleading that contained (1) a plea to the jurisdiction and motion to dismiss and (2) a combined no-evidence and traditional motion for summary judgment.  The trial court made the following ruling after the hearing on UTA’s motion:

THE COURT: I’m going to grant the Motion to Dismiss and I’m going to grant the summary judgment, which obviates the need to stay the proceedings.  Am I correct?

[UTA]: Yes, Your Honor.

[BIERMERET]: Judge, if the Court is inclined, and if we are to appeal on those points[,] can I request the Court to specify on - - 

THE COURT: You may so request and I will specifically state that I would not state a reason.  I’m going to enter simple orders granting both, and let the Court of Appeals sort it out.

The court subsequently entered written orders granting UTA’s plea to the jurisdiction and its combined no-evidence and traditional motion for summary judgment without specifying the grounds for either ruling.  Biermeret timely perfected an appeal to this court.  

III.  Plea to the Jurisdiction
(footnote: 5)
 In the plea to the jurisdiction portion of its motion, UTA asserted that Biermeret failed to allege facts sufficient to establish a waiver of immunity, and, alternatively, that the jurisdictional evidence did not demonstrate a waiver of immunity. 

A. Standard of Review

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.  
Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).
 
 Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court’s subject matter jurisdiction are questions of law that we review de novo.  
Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004); 
Tex. Natural Res. Conservation Comm’n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002).
 

The determination of whether a trial court has subject matter jurisdiction begins with the pleadings.  
Miranda
, 133 S.W.3d at 226.    The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993); 
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).
 
We construe the pleadings liberally in favor of the pleader, look to the pleader’s intent, and accept as true the factual allegations in the pleadings.  
See Miranda
, 133 S.W.3d at 226, 228; 
City of Fort Worth v. Crockett
, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).       If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.  
See Bland ISD v. Blue
, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue).  We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
Miranda
, 133 S.W.3d at 228.
 
 If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact-finder.  
Id.
 at 227-28; 
Bland
, 34 S.W.3d at 555.  If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law.  
Miranda
, 133 S.W.3d at 227-28; 
Bland
, 34 S.W.3d at 555.

B. Sovereign Immunity

Generally, governmental units are immune from suit unless the legislature expressly consented to the suit.  
Jones
, 8 S.W.3d at 638; 
Fed. Sign v. Tex. S. Univ.
, 951 S.W.2d 401, 405 (Tex. 1997), 
overruled on other grounds, Gen. Servs. Comm’n v. Little-Tex. Insulation Co., 
39 S.W.3d. 591, 593 (Tex. 2001).  The legislature gave such consent and granted a limited waiver of immunity in the TTCA, which permits suits to be brought against governmental units in certain narrowly-defined circumstances.  
Tex. Dep’t of Criminal Justice v. Miller
, 51 S.W.3d 583, 587 (Tex. 2001); 
see also Dallas County MHMR v. Bossley
, 968 S.W.2d 339, 341 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).  The TTCA permits suit against governmental units for personal injuries in three general circumstances, including personal injuries caused by (1) the use of publicly owned automobiles, (2) a condition or use of tangible personal or real property, and (3) a premises defect, or the condition of real property.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 101.021(1)-(2), 101.022; 
Perez v. City of Dallas
, 180 S.W.3d 906, 910 (Tex. App.—Dallas 2005, no pet.).

Liability for premises defects is implied under section 101.021(2) because a premises defect arises from a condition existing on real property.  
Perez
, 180 S.W.3d at 910
 (citing 
City of Midland v. Sullivan
, 33 S.W.3d 1, 6 (Tex. App.—El Paso 2000, pet. dism’d w.o.j.), and 
Lamar Univ. v. Doe
, 971 S.W.2d 191, 195 (Tex. App.—Beaumont 1998, no pet.)).  If the condition of real property giving rise to the waiver of immunity is a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property.    
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.022(a).  However, if the claimant pays for the use of the premises, the limitation of duty under  section 101.022 does not apply and the governmental entity owes the claimant the duty owed to an invitee.  
See id. 
  The duty to an invitee “requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware.” 
 State Dep’t of Highways & Pub. Transp. v. Payne
, 838 S.W.2d 235, 237 (Tex. 1992).

A plaintiff must plead facts sufficient to invoke a waiver of sovereign immunity under the TTCA.  
County of Cameron v. Brown
 80 S.W.3d 549, 555 (Tex. 2002) (pet. denied);  
Univ. of N. Tex.
, 124 S.W.3d at 222.  We must look to the terms of the TTCA and then determine whether the liability theories pleaded, the facts pleaded, and the evidence presented demonstrate a claim falling within the TTCA’s waiver of immunity.  
Univ. of N. Tex.
, 124 S.W.3d at 222.

C. No Invocation of Trial Court’s Subject Matter Jurisdiction over Negligent-Use-of-Tangible-Personal-Property Claim

Biermeret pleaded that UTA employees “negligently maintained floor mats that were defective and negligently used defective floor mats around the showers at the UTA pool.”  UTA’s plea to the jurisdiction argued that Biermeret failed to allege and bring forth evidence supporting his contention that he suffered an injury that was proximately caused by a condition or use of tangible personal property. 

The TTCA waives governmental immunity for “personal injury . . . caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021(2).  Tangible personal property means something that has a corporeal, concrete, and palpable existence.  
Univ. of N. Tex.
, 124 S.W.3d at 223.  To establish a waiver of immunity for his negligent-use-of-tangible-personal-property claim, Biermeret must have pleaded and to the extent necessary introduced jurisdictional evidence that UTA used tangible personal property and that the use proximately caused his injuries.  
Id.
   

“Use” means “‘to bring into action or service; to employ for or apply to a given purpose.’”
  San Antonio State Hosp. v. Cowan
, 128 S.W.3d 244, 246 (Tex. 2004)(quoting 
Beggs v. Texas Dept. Of Mental Health & Mental Retardation
, 469 S.W.2d 252, 254 (Tex. Civ. App.—San Antonio 1973, writ refd.); 
DART v. Whitley
, 104 S.W.3d 540, 542 (Tex. 2003).  The TTCA and case law draws a distinction between claims involving the failure to use, or the nonuse of property, which do not waive sovereign immunity, from claims involving a “use” of tangible personal property that causes injury, which do effect a waiver.  
Miller
, 51 S.W.3d at 587.  A governmental unit does not “use” personal property merely by allowing someone else to use it and nothing more.  
San Antonio State Hosp.
, 128 S.W.3d at 246.  Thus, in the absence of use by a governmental employee, a state entity is liable only if it provides property lacking an integral safety component that leads to the plaintiff’s injuries.  
Id
. at 247.

 To state a claim for which immunity is waived, a plaintiff must allege that usage of the property itself actually caused the injury.  
Miller
, 51 S.W.3d at 588; 
Renteria v. Housing Auth. of the City of El Paso
, 96 S.W.3d 454, 458 (Tex. App.—El Paso 2002, pet. denied).  The use must have proximately caused the injury; mere involvement of the property is insufficient.  
Bossley
, 968 S.W.2d at 343.  
“Requiring only that a condition or use of property be involved would conflict with the Act’s basic purpose of waiving immunity only to a limited degree.”  
Id.

   Here, the record demonstrates that Biermeret slipped after exiting the shower and stepping barefooted off of a mat and onto the tile floor.  In his deposition, Biermeret testified that “I took one foot off of wherever this mat was and that’s [when] I went flying.”  The paramedic who responded to the call regarding Biermeret’s slip and fall testified that he understood that Biermeret had walked out of the shower, had stepped onto a mat, and was stepping off of the mat when he slipped.  During the deposition of the only other person in the shower area when Biermeret fell, the following exchange occurred:

Q: Was there a mat near him where he fell?

A: Again, the only thing that I recall is [that] he was laying [sic] on the tile surface, not on a mat.

While discussing the position of mats, Biermeret testified that he felt that the mats “should have been extended.”  

But contrary to the allegations in Biermeret’s petition, no jurisdictional evidence in the record indicates that the floor mats were defective or that Biermeret slipped and fell because of a defect in the floor mat.  Likewise, nothing in the record demonstrates that UTA employees negligently used the floor mats in the shower area.  UTA provided the mats, but did not “use” them in the way required by case law interpreting the TTCA’s waiver of immunity.  
See, e.g., Nunez v. City of Sansom Park
, 197 S.W.3d 837, 841 (Tex. App.—Fort Worth 2006, no pet.) (holding City did not “use” bunk bed located in jail holding cell so as to waive sovereign immunity for wrongful death claim stemming from inmate’s action in hanging himself off bunk bed).

After considering all relevant evidence submitted by the parties, taking as true all evidence favorable to Biermeret and indulging every reasonable inference and resolving any doubts in his favor, we hold that the evidence did not create a jurisdictional fact as to whether UTA “used” tangible personal property.  
See Miranda
, 133 S.W.3d at 227-28; 
Bland
, 34 S.W.3d at 555.  Consequently, applying a de novo standard of review, we hold that the trial court did not err by granting UTA’s plea to the jurisdiction on Biermeret’s negligent-use-of-tangible-personal-property claim.  We overrule the portion of Biermeret’s first issue challenging the trial court’s ruling sustaining UTA’s plea to the jurisdiction on this claim.

D. No Invocation of Trial Court’s Subject Matter Jurisdiction over Premises Liability Claim

In asserting his premises liability claim, Biermeret pleaded, in part, that

[a] condition on the Defendant’s premises posed an unreasonable risk of harm.  The flooring in and surrounding the showering area was extremely slippery and created an unreasonably dangerous condition.  Defendant knew or reasonably should have known of the dangerous condition of the premises because Defendant was made aware of the condition through prior incidents and complaints prior to Mr. Biermeret’s injury.

The record contains emails sent to UTA employees regarding at least one other slip and fall incident in the women’s shower area at UTA’s swimming facility.  The woman who slipped and fell wrote “the floor was slick and I slipped around and eventually fell flat on the ground. . . . My main reason for the email is to let you all know that this is a hazard[ous] area.”  A second email, sent by a UTA employee after Biermeret’s slip and fall, stated that

We had a gentleman fall in the men’s locker room 
again
 on Saturday.  This time it required EMS to take him to the hospital.

This is the 
second accident
 we have had in the area immediately outside of the showers.  When we spoke last time, 
additional mats were to be used
 to bridge the space between the showers and where the other mats start.  [Emphasis added.]

The TTCA required Biermeret to plead and prove that a premises defect arose from a condition existing on real property and that “the governmental unit would, were it a private person, be liable to the claimant according to Texas law.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021(2);
 City of Dallas v. Thompson
, 210 S.W.3d 601, 602-03 (Tex. 2006).  But here, if UTA were a private person, it would not be liable to Biermeret according to the Texas Supreme Court’s recent holding in 
Brookshire Grocery Co., 
222 S.W.3d
 
at 409.

In 
Brookshire Grocery
, a customer brought a premises liability suit against the grocery store for injuries she sustained to her knee after she slipped on a partially melted ice cube on a tile floor in front of a self-service soft drink dispenser located in the store. 
 Id
. at 407.  A Brookshire Grocery employee testified that ice fell to the floor from the soft drink dispenser on a daily basis, that users were prone to spill ice from time to time, and that ice on the floor was a hazard to customers and had to be cleaned up regularly.  
Id
.  There were three mats around the front of the dispenser, but they did not completely cover the tile floor, and the plaintiff slipped where the floor was bare. 
 Id
.  The Brookshire Grocery employee admitted that more mats could have been used and warning signs posted.  
Id
.  A jury found for the plaintiff, and the court of appeals affirmed.  
Id.
  The Texas Supreme Court reversed and rendered judgment for Brookshire Grocery, holding that the ice dispenser itself was not an unreasonably dangerous condition, that only the ice cube on which the plaintiff slipped constituted an unreasonably dangerous condition, and that because the plaintiff failed to adduce evidence that the grocery store possessed actual or constructive knowledge that the particular ice cube that the plaintiff slipped on was on the floor, the plaintiff had failed to prove the grocery store’s actual or constructive knowledge of the unreasonably dangerous condition.  
Id.
 at 409.

The jurisdictional facts presented here are almost identical to—if not weaker than—the facts in 
Brookshire Grocery
.
(footnote: 6)   Biermeret, a “customer” at the UTA swimming complex,  brought a premises liability suit against UTA primarily for injuries he sustained to his knee after he slipped on water on a tile floor in the shower area.  
Through UTA’s own e-mail records, Biermeret established that the tile floor in the shower area routinely became wet and slick; that a prior user of the facility had slipped and fallen on the wet tile; and that the wet, slick tile floor was a hazard to the people using the showers.  Like 
Brookshire Grocery
, UTA had placed mats in the shower area, but they did not cover the tile floor completely, and Biermeret, like the plaintiff in 
Brookshire Grocery
, slipped 
where the floor was bare.  Clearly, at UTA, as at Brookshire Grocery, 
more mats could have been used and warning signs posted.

Yet here, as in 
Brookshire Grocery
, no pleadings or jurisdictional evidence exist that UTA possessed actual or constructive knowledge of the unreasonably dangerous condition, that being that the water on which Biermeret slipped, was in fact on the floor in the shower area on June 12, 2004.  
See Brookshire Grocery Co., 
222 S.W.3d at 409
.
  Consequently, because no pleadings or jurisdictional evidence exists that UTA possessed actual or constructive knowledge not just that the tile floor in the shower area was prone to become wet and slick, but that on the date in question it actually had become wet and slick prior to Biermeret’s fall, Biermeret has not shown that if UTA were a private person it would be liable to him.  
See id.
; 
see also City of Dallas, 
210 S.W.3d at 602-03 (reversing court of appeals and affirming trial court’s ruling granting city’s plea to the jurisdiction because no evidence existed—despite logs of prior falls—that city knew the coverplate that was prone to become loose and raised was actually protruding when plaintiff tripped on it and fractured her shoulder).   

After considering Biermeret’s pleadings and all relevant evidence submitted by the parties, taking as true all evidence favorable to Biermeret and indulging every reasonable inference and resolving any doubts in his favor, the controlling case law compels us to hold that the pleadings and the evidence do not create a jurisdictional fact question as to whether UTA possessed actual or constructive knowledge of the existence of the water that Biermeret slipped on.  
See Miranda
, 133 S.W.3d at 227-28 (recognizing that if relevant evidence fails to raise a fact question on the jurisdictional issue, trial court rules on the plea as a matter of law); 
accord Bland
, 34 S.W.3d at 555.  Accordingly, applying the required de novo standard of review, we hold that the trial court correctly sustained UTA’s plea to the jurisdiction concerning Biermeret’s premises liability claim.  We overrule the remainder of Biermeret’s first issue challenging the trial court’s ruling sustaining UTA’s plea to the jurisdiction on this claim.

IV.  Conclusion

Having overruled Biermeret’s first issue, and having determined that we need not address his remaining issues concerning the application of the recreational use statute, the discretionary acts exception, or the exception for acts occurring prior to January 1, 1970, we affirm the trial court’s ruling sustaining UTA’s plea to the jurisdiction.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and McCOY, JJ.

DELIVERED: August 9, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although Appellee is named in the style of the case as “The University of Texas System,” Appellee referred to itself in its pleadings as “The University of Texas at Arlington,” and the evidence shows that the slip and fall occurred at UTA.  Consequently, we often refer to Appellee by the latter name in this opinion.

3:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 101.021(2), 101.022 (Vernon 2006) (titled, the “Texas Torts Claim Act” and hereinafter referred to as the TTCA). 

4:
See Brookshire Grocery Co. v. Taylor
, 222 S.W.3d 406, 409 (Tex. 2006).

5:
In connection with its plea to the jurisdiction, UTA claimed that Biermeret’s claims fell within several exceptions to the TTCA’s waiver of sovereign immunity.  Specifically, UTA claimed that it retained sovereign immunity even if Biermeret stated a negligent-use-of-tangible-personal-property claim and a premises liability claim because (1) the recreational use statute applied, (2) Biermeret was attempting to hold it liable for discretionary acts, and (3) any of its acts or omissions that caused a slippery floor occurred prior to January 1, 1970.  
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 75.002(b) (Vernon Supp. 2006) (setting forth the recreational use statute),
 § 
101.056(2) (Vernon 2005) (setting forth discretionary acts exception to TTCA’s waiver of immunity),
 
§ 101.061 (setting forth provision mandating that governmental entity retains governmental immunity for claims based on acts or omissions that occurred before January 1, 1970).  Biermeret challenges the application of these exceptions to the TTCA’s waiver of immunity in his second, third, and fourth issues.  We do not address these issues, however, because even assuming they are all resolved in favor of Biermeret, for the reasons set forth below, the trial court correctly sustained UTA’s plea to the jurisdiction.  
See 
Tex. R. App. P.
 47.1 (stating that court of appeals must address only issues necessary to disposition of the appeal).

6:
We note that in 
Brookshire Grocery
, the unreasonably dangerous condition encountered by the plaintiff invitee was unexpected, a piece of partially melted ice on the floor, while here the unreasonably dangerous condition encountered by Biermeret was expected, water on a tile floor in a shower area that made the tile floor slippery.  In light of the jurisdictional evidence that the water on the tile posed a “hazard,” however, we cannot hold that the water did not pose an unreasonable risk of harm.  
Cf. Brinson Ford, Inc. v. Alger
, 50 Tex. Sup. Ct. J. 900, 2007 WL 1713644, at *3 (Tex. June 15, 2007) (holding ramp did not pose unreasonable risk of harm).