NO. 07-07-0206-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 12, 2008
_____

WILLIAM GILBERT AND DIANA GILBERT, APPELLANTS

V.

GILVIN-TERRILL, LTD., SAFETY SIGNS, LTD. AND
SAFETY SIGNS MANAGEMENT, L.L.C., APPELLEES
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 93,164-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL, and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants, William and Diana Gilbert, appeal an order granting summary judgment in favor of appellees, Gilvin-Terrill, Ltd., Safety Signs, Ltd., and Safety Signs Management, L.L.C. We affirm.

Background

Jeffrey Doty, and appellant, William Gilbert (individually, "Gilbert") worked together as a trucking team for Covenant Transport Trucking Company. At around 6:00 a.m. on

October 10, 2004, Doty and Gilbert were involved in an accident in which they ran into a concrete barrier that had been placed in the right lane of the road as part of a road repair project that appellee, Gilvin-Terrill, Ltd., was performing. At the time of the accident, Doty was driving the truck, while Gilbert was in the sleeping berth. As a result of the accident, Gilbert was thrown from the sleeping berth and injured his shoulder.

Gilbert and his wife, Diana (collectively, "the Gilberts"), brought suit against appellees to recover damages suffered as a result of this accident. The Gilberts claimed that appellees were liable under a premises liability theory because the lack of certain traffic control devices at the scene of the accident constituted a breach of appellees' duty to warn Gilbert of a known hazard. Gilvin-Terrill, the general contractor responsible for the road repairs, Safety Signs, Ltd., the contractor responsible for implementing the traffic control related to the road repair project, and Safety Signs Management, L.L.C.,[1] filed a motion for summary judgment on both traditional and no-evidence grounds. The trial court considered this motion, the Gilberts' response, and appellees' reply and entered summary judgment in favor of appellees. The trial court did not identify the specific grounds upon which it based its summary judgment.

The Gilberts appeal the summary judgment by six issues. Among these issues is a general challenge to the trial court's grant of summary judgment that allows appellate review of all possible grounds for the summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). However, the Gilberts also specifically

---

[1] The Gilberts concede that summary judgment was proper as to Safety Signs Management, L.L.C.

challenge summary judgment being based on certain contested grounds.  Finally, the Gilberts challenge the summary judgment being based on the affirmative defense found in Texas Civil Practice and Remedies Code section 97.002.  See TEX. CIV. PRAC. & REM. CODE ANN. § 97.002 (Vernon 2005) (limiting liability of certain highway, road, and street contractors based on compliance with contract).

## Standard of Review

Where, as in the present case, the trial court does not specify the grounds upon which it granted summary judgment, the appellate court must affirm on any meritorious ground that was presented.  Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  Summary judgments under Texas Rule of Civil Procedure 166a(c) and (i) are reviewed *de novo*.  See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004).  Any evidence presented by the motion for summary judgment or response is viewed in the light most favorable to the nonmovant, giving credit to the evidence that favors the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  Summary judgment is not intended to provide a trial by deposition or affidavit, but is intended rather to provide a method to summarily terminate a case when it clearly appears that only a question of law is involved and that there is no genuine issue of material fact.  Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 563 (1962).

A no-evidence summary judgment is essentially a pre-trial directed verdict.  Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  A no-evidence summary

3

judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). It is less than a scintilla of evidence when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. Id. (citing Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).

In a traditional motion for summary judgment, the moving party bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).

Premises Liability

The Gilberts brought suit against appellees as a premises liability claim. To prevail in their claim, the Gilberts must prove:

    (1) the plaintiff was a licensee;
    (2) the defendant was the owner or possessor of the premises;
    (3) a condition on the premises posed an unreasonable risk of harm;
    (4) the defendant had actual knowledge of the danger;
    (5) the plaintiff did not have actual knowledge of the danger;
    (6) the defendant breached its duty of ordinary care by both:
            (a) failing to adequately warn plaintiff of the condition, and
            (b) failing to make the condition reasonably safe; and
    (7) the defendant's breach proximately caused the plaintiff's injuries.

Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003); County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). Because the trial court did not specify the

4

grounds upon which it granted summary judgment, we must affirm on any meritorious ground that was presented. Carr, 776 S.W.2d at 569. Because we conclude that the Gilberts failed to present at least a scintilla of evidence to establish that the appellees had actual knowledge of the danger at the time of the accident, we need not review any other summary judgment ground advanced by appellees.

## Actual Knowledge

Gilvin-Terrill and Safety Signs challenged the Gilberts' premises liability claim on the basis that the Gilberts could produce no evidence that the appellees had actual knowledge that the construction project's traffic control posed an unreasonable risk. The actual knowledge element of a premises liability claim requires proof that the defendant had actual knowledge of the danger at the time of the accident.[2] See City of Dallas v. Thompson, 210 S.W.3d 601, 603 (Tex. 2006). The Gilberts cite this Court to evidence which they contend establishes that Gilvin-Terrill knew of the danger.[3] However, even accepting the evidence that supports the Gilberts' claims as true and indulging every reasonable inference in favor of the Gilberts, we conclude that there was no evidence

---

[2] For the limited purpose of reviewing this element of the Gilberts' claim, we will assume, without deciding, that the project's traffic control posed an unreasonable risk at the time of the accident.

[3] The evidence presented in this case pertains to the knowledge that Gilvin-Terrill constructively held through its employees. However, we have found no evidence of what Safety Signs did or did not know. Therefore, we conclude that the Gilberts have presented no evidence that Safety Signs had actual knowledge of the danger posed by the road construction and, as a result, will affirm the trial court's summary judgment as to Safety Signs.

presented that Gilvin-Terrill had actual knowledge that the traffic control at the project posed an unreasonable risk of danger at the time of the accident.

The Gilberts cite the deposition testimony of Jeffrey Doty, the driver of the truck at the time of the accident. Doty testified that, after the accident, he spoke with an unidentified highway patrol trooper who informed Doty that he would not receive a citation for the accident because there had been a report made to the sheriff's office that barrels were missing from the project's site. However, nothing in this testimony indicates when this report was made to the sheriff's office and, more significantly, this testimony does not provide any basis to conclude that Gilvin-Terrill received any report that the traffic control was in a dangerous condition.

The Gilberts cite the deposition testimony of Raymond D. Martinez, Jr., inspector for the Texas Department of Transportation, to establish that there had been prior problems with traffic control at the site of this project. However, while Martinez did testify that there had been traffic control problems at the site in April of 2004, he also testified that he had reported that the traffic control "looked good" at around 4:00 p.m. on October 9, 2004, which would be a mere 14 hours before the instant accident. The Gilberts cite Martinez's testimony that Gilvin-Terrill employees had previously been slow to respond to his calls concerning problems with traffic control at the site. However, there is no evidence that Martinez ever identified, let alone reported, a problem with traffic control at the project's site at the time of the accident in the present case.

6

The Gilberts contend that circumstances indicate that Gilvin-Terrill had been informed of the danger posed by the traffic control at the site immediately prior to the accident. The Gilberts contend that knowledge that the traffic control was in a dangerous condition can be inferred from Jose Loya, Gilvin-Terrill's project supervisor for this project, arriving at the scene of the accident on a Sunday morning when he was not scheduled to work.[4] However, the inference that the Gilberts attempt to draw from this evidence is belied by the testimony of Loya that he "got up early every Sunday and would just go check the job, just drive over there." Further, Loya testified that he personally drove from one end of the job site to the other to ensure that the traffic control was in place at around 5:00 or 6:00 p.m. on October 9, 2004.

Finally, the Gilberts cite the deposition testimony of Willie Quintero, the Gilvin-Terrill employee charged with the responsibility of checking the traffic control on days that work was not being performed, as establishing that Gilvin-Terrill had actual knowledge that the traffic control posed an unreasonable danger. The Gilberts cite Quintero's testimony that, when he arrived at the project site on Sunday morning, there were many cones and barrels missing or knocked over. However, Quintero testified that, when he arrived at the scene, the accident had already occurred and that the many cones and barrels that were strewn around the site were in the vicinity of the accident.

---

[4] We conclude that, if Loya had not made a habit of checking the traffic control at the project on Sunday mornings, the more reasonable inference to draw from his presence was that he had been notified of the accident rather than that he had been notified of the dangerous condition of the traffic control.

Considering all of this evidence in the manner most favorable to the Gilberts, the evidence indicates that Gilvin-Terrill knew that the traffic control was in place and not posing an unreasonable danger at approximately 5:00 p.m. on October 9, 2004. Even assuming that the traffic control devices had been removed or damaged between 5:00 p.m. on the 9th and 6:00 a.m. on the 10th, the Gilberts offered no evidence that Gilvin-Terrill actually knew of the resulting dangerous condition. As a result, we conclude that the Gilberts presented no evidence that Gilvin-Terrill had actual knowledge that the construction project's traffic control posed an unreasonable risk. Because the lack of evidence of this element of the Gilberts' claim is sufficient to support the trial court's grant of summary judgment, we must affirm the trial court's judgment. Carr, 776 S.W.2d at 569.

Conclusion

We affirm the judgment of the trial court.


Mackey K. Hancock
Justice

8