Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00021-CV 

                                                     __________

 

MICHELLE HUDSON, Appellant

vs.

THE UNIVERSITY OF TEXAS OF THE PERMIAN BASIN, Appellee

 



 

On Appeal from the 70th District Court

 Ector County, Texas

Trial Court Cause No. A119,122

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
trial court granted summary judgment for the University of Texas of the Permian
Basin in this suit for personal injuries.  We affirm that summary judgment.

Michelle
Hudson sued UTPB after she fell down some stairs in one of UTPB=s buildings.  A detailed
recitation of the facts of this case is not necessary because of the decisive
legal question upon which our decision is based.  Suffice it to say that Hudson
maintained that a windstorm had caused a problem with the lighting in the
stairwell and that the stairwell was dark at the time that she fell.  UTPB
filed its answer and subsequently filed in one instrument a plea to the
jurisdiction, a no-evidence motion for summary judgment, and a traditional
motion for summary judgment. The trial court granted the traditional motion for
summary judgment, but it denied the plea to the jurisdiction and the
no-evidence motion for summary judgment. 








Hudson
brings one issue on appeal:  ADid
the trial court err in granting summary judgment against Appellant Michelle
Hudson in light of the numerous fact issues surrounding Appellee=s knowledge of its
unreasonably dangerous stairwell?@

It
is not disputed that UTPB is a governmental unit.  It is further not disputed
that, as a governmental unit, UTPB enjoys governmental immunity from this
lawsuit unless that immunity has been waived in the Texas Tort Claims Act.  Tex. Civ. Prac. & Rem. Code Ann.
ch. 101 (Vernon 2005 & Supp. 2007).

Section
101.021 of the Tort Claims Act provides in relevant part:

A governmental unit
in the state is liable for:

 

(2)
personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.

 

Insofar
as this case is concerned, UTPB owed Hudson the duty that a private person
would owe to a licensee on private property.  Section 101.022.  A private
landowner owes a licensee the duty not to injure him by willful, wanton, or
gross negligence.  State v. Tennison, 509 S.W.2d 560, 562 (Tex. 1974). 
However, when the licensor has knowledge of a dangerous condition and the
licensee does not, the licensor owes a duty to use ordinary care to either warn
the licensee or to make the condition reasonably safe.  State Dep=t of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992).  A claimant must show
that the licensor had actual knowledge of the dangerous condition.  City of
Dallas v. Thompson, 210 S.W.3d 601, 603 (Tex. 2006).  The elements of such
a claim are:  (1) a condition of the premises created an unreasonable risk of
harm to the licensee, (2) the owner actually knew of the condition, (3)
the licensee did not actually know of the condition, (4) the owner failed to
exercise ordinary care to protect the licensee from danger, and (5) the owner=s failure was a proximate
cause of injury to the licensee.  Payne, 838 S.W.2d at 237.








When
the trial court entered summary judgment in this case, it did not state its
reasons for granting it; therefore, the judgment will be upheld if any of the
grounds in the motion have merit.  The reviewing court must affirm summary
judgment if any of the summary judgment grounds are meritorious.  Tex.
Workers= Comp.
Comm=n v.
Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).

In
its motion for summary judgment, UTPB alleged that as a matter of law the
condition of the premises did not create an unreasonably dangerous condition,
that Hudson knew about the alleged inadequate lighting, and that it did not
have actual knowledge of the alleged inadequate lighting.  UTPB provided
summary judgment evidence on the grounds that it alleged.

Even
if we were to agree with Hudson on her complaint regarding actual knowledge on
the part of UTPB, she could not prevail on this appeal.  Hudson=s sole attack on appeal is
that the trial court erred when it granted the summary judgment because there
was enough evidence to raise an issue of material fact regarding UTPB=s actual knowledge that
there was a condition of the premises that created an unreasonable risk of harm
to her.  No complaint is made concerning UTPB=s
allegations and the summary judgment proof that as a matter of law the premises
did not create an unreasonably dangerous condition or that Hudson knew about
the alleged insufficient lighting.  The trial court could have found that there
was no issue of material fact as to those additional elements.  However, Hudson
has waived any complaint as to the other elements of her cause of action by
failing to include such errors in this appeal.  Therefore, even if the trial
court did err on the issue of Hudson=s
knowledge of the condition of the premises, there would be no harm.  See
Tex. R. App. P. 44.1(a)(1).

Because
Hudson=s failure to
raise issues regarding the unreasonably dangerous condition of the premises and
her failure to raise issues regarding her knowledge of the condition are
dispositive of this appeal, we need not discuss her remaining arguments. 
Hudson=s sole issue is
overruled.

We
affirm the judgment of the trial court.

 

 

JIM R. WRIGHT

July 24, 2008                                                                           CHIEF
JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.