**REVERSE and RENDER and Opinion Filed October 3, 2024.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00078-CV

### CITY OF SAN ANTONIO, Appellant
### V.
### DRANA BURCH, Appellee

**On Appeal from the County Court at Law No 3**
**Bexar County, Texas**
**Trial Court Cause No. 2021CV00371**

## MEMORANDUM OPINION
Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

The City of San Antonio (the "City") appeals the trial court's December 13, 2023 order denying its motion for summary judgment seeking dismissal of Drana Burch's premises-liability claim on the basis of governmental immunity.[1] In two issues, the City asserts the trial court erred in denying its motion because (1) the summary judgment evidence negated three elements of the premises-liability claim

---

[1] The Supreme Court transferred this appeal from the Fourth Court of Appeals. *See* Misc. Docket No. 23-9109 (Tex. Dec. 21, 2023) (docket equalization order). Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

necessary to invoke a waiver of immunity under the Texas Tort Claims Act ("TTCA"),[2] and (2) Burch failed to offer competent summary judgment evidence of the existence of an unreasonably dangerous premises condition and of the City's actual knowledge of same. We reverse the trial court's order denying the City's motion for summary judgment and render judgment in favor of the City because Burch failed to raise a fact issue showing the City's governmental immunity has been waived. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Burch alleges that on February 2, 2019, she attended a cheerleading event at the Alamodome, owned by the City, and that while she was walking across an outdoor field of brick pavers to approach the stadium's north entrance, with the assistance of a walker, she fell backwards when her walker caught one of the bricks, causing her injuries. Burch sued the City asserting a premises-liability claim.

In her live pleading, Burch asserted uneven brick pavers approaching the Alamodome posed an unreasonable risk of harm, the City had actual knowledge of

---

[2] The elements of a premises liability claim are: (1) a condition on the premises posed an unreasonable risk of harm; (2) the defendant had actual knowledge of the danger; (3) the plaintiff did not have actual knowledge of the danger; and (4) the defendant breached its duty of ordinary care by either failing to warn of the condition or failing to make the condition reasonably safe. *Ybarra v. Cnty. of Hidalgo*, 362 S.W.3d 129, 133 (Tex. App.—San Antonio 2011, no pet.) (citing *State v. Williams*, 940 S.W.2d 583, 583 (Tex. 1996)). The City challenged the first three elements.

this dangerous condition and failed to make the premises safe, and she was not aware of the danger the uneven brick pavers posed.

The City answered generally denying Burch's allegations and asserting several defenses, including governmental immunity. The City also filed a combined motion for a no-evidence and traditional summary judgment claiming Burch's claim did not fall within the TTCA's limited waiver of immunity. As grounds for no-evidence summary judgment, the City asserted Burch has no evidence to support her assertions (1) that the City had prior knowledge of the condition Burch claims caused her to fall, and (2) of the existence of an unreasonably dangerous condition. As grounds for traditional summary judgment, the City asserted the summary judgment evidence establishes (1) the premises were, as a matter of law, not unreasonably dangerous, (2) the City had no prior knowledge of the condition Burch claims caused her to fall, and (3) the condition about which Burch complains was open and obvious.[3] In support of its motion, the City included photographs of the area where Burch fell; the declaration of Eric Duncan, the Alamodome Building Maintenance Manager; and patrol activity reports from February 1 and 2, 2019.

The picture below depicts the location where Burch fell.

---

[3] If the licensee has the same knowledge about the dangerous condition as the licensor, then no duty to the licensee exists. *Wal–Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003) (per curiam).



In his declaration, Duncan stated that Alamodome staff members were notified of Burch's fall and went to the location where she fell to inspect—and erect barriers around—same. They observed the elevation differences of the pavers in the location where Burch fell measured from a quarter inch (1/4") to a maximum of a half an inch (1/2"). In addition, Duncan stated that prior to Burch's fall, the City had received no complaints about the condition of the pavers at the location where Burch fell, and the City had no knowledge of any other accidents or injuries occurring

at that location.  The patrol activity reports did not note any issues with the pavers the day before, and the day of, Burch's fall.

In response to the City's motion for summary judgment, Burch offered the same photographs the City presented and a pair of purchase orders reflecting paver repair services were performed somewhere at the Alamodome on January 3, 2019, (covering 1,596 square feet) and on February 20, 2019 (covering 333 square feet).

The record reflects that the court heard argument of counsel on the City's motion and that, on December 13, 2023, the court signed an order denying same. This interlocutory appeal followed.[4]  *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

DISCUSSION

## I.    Governmental Immunity

"Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).  A city is afforded governmental immunity when it performs a governmental function,

---

[4] Ordinarily, we do not have appellate jurisdiction over an order denying summary judgment because it is not a final judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).  We nevertheless have jurisdiction to consider immediate appeals of interlocutory orders when a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).  We have jurisdiction to consider an interlocutory appeal from the denial of a summary judgment motion by a "governmental unit" seeking a dismissal based on governmental immunity from suit. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019) (quoting *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (Texas statute allows an interlocutory appeal to be taken when "the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise.").

including, as relevant here, the operation of "civic, convention centers, or coliseums." TEX. CIV. PRAC. & REM. CODE § 101.0215 (a)(16). Governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether, unless the Legislature expressly consents to suit. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

A party suing a governmental entity must establish the state's consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *City of San Antonio v. Smith*, 562 S.W.3d 75, 80 (Tex. App.—San Antonio 2018, pet. denied) (citing *Tex. Dep't of Transp. v. Jones*, 8 .W.3d 636, 638 (Tex. 1999)). Absent the state's consent to suit, a trial court lacks subject-matter jurisdiction. *Id.*

## II. TTCA's Immunity Waiver

The TTCA waives immunity for certain tort actions against governmental units. CIV. PRAC. & REM. § 101.021. The TTCA creates a unique statutory scheme in which both immunity from suit and immunity from liability are co-extensive: "sovereign immunity to suit is waived and abolished to the extent of liability created by [the TTCA]." *Id.* § 101.025; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Among other things, the TTCA waives governmental immunity for personal injury claims caused by premise defects. *See* CIV. PRAC. &

REM. §§ 101.021(2), 101.022. Governmental units are liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2). Thus, the type of duty owed a plaintiff is part of the waiver analysis under the TTCA. *See City of San Antonio v. Realme*, No. 04-20-00119-CV, 2021 WL 1009330, at *2 (Tex. App.—San Antonio Mar. 17, 2021, pet. denied) (mem. op.) (citing *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.)).

If a claim for personal injuries arises from a premise defect, the governmental unit generally owes the plaintiff "only the duty that a private person owes to a licensee on private property," and not the duty owed to an invitee when there is a claimed special defect. CIV. PRAC. & REM. § 101.022(a). This limited duty requires the owner of the premises to avoid injuring the plaintiff through willful, wanton, or grossly negligent conduct and to use ordinary care either to warn the licensee of, or make reasonably safe, a dangerous condition of which the owner is aware, and the licensee is not. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016).

### III. Standard of Review

A governmental unit, such as the City, may challenge the trial court's subject-matter jurisdiction, including one premised on governmental immunity, in various procedural vehicles, including a plea to the jurisdiction, a traditional motion for

summary judgment and a no-evidence motion for summary judgment. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008) (per curiam); *see also Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Texas Rule of Civil Procedure 166a governs summary judgments and provides two distinct forms of summary judgment, traditional and no evidence, that invoke different standards of review. *Compare* TEX. R. CIV. P. 166a(c) *with* TEX. R. CIV. P. 166a(i). With a traditional motion for summary judgment, the movant has the burden to show it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). With a no-evidence motion for summary judgment, on the other hand, the burden is on the nonmovant to produce more than a scintilla of summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

The City filed a hybrid motion for summary judgment. It sought traditional summary judgment on the grounds that the variance in the brick paver height did not present an unreasonably dangerous condition, the City lacked knowledge of the complained of condition before Burch's fall, and the condition about which Burch complains was open and obvious. The City sought no-evidence summary judgment on the grounds that Burch lacked evidence of an unreasonably dangerous condition and prior knowledge on the part of the City. Because the City moved for summary

judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion, with the understanding that some evidence on any challenged element will defeat a corresponding traditional ground. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Loya v. Hickory Trail Hosp., L.P.*, 673 S.W.3d 1, *8 (Tex. App.—Dallas 2022, no pet.). If we conclude Burch failed to produce legally sufficient evidence to meet her burden, we need not analyze whether the City satisfied its burden under the traditional motion. *Merriman*, 407 S.W.3d at 248; *Bock v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 675 S.W.3d 36, 41 (Tex. App.—San Antonio 2023, no pet.).

We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751. When the nonmovant fails to present more than scintilla of competent evidence raising an issue of material fact as to the challenged elements, "[t]he court *must* grant the motion." Tex. R. Civ. P. 166a(i) (emphasis added); *see also Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72–73 (Tex.

2023); *Bock v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 675 S.W.3d 36, 41 (Tex. App.—San Antonio 2023, no pet.).

## IV.    Application of Law to Facts

In its second issue, the City asserts the trial court erred in denying its no-evidence motion for summary judgment challenging the existence of evidence of an unreasonably dangerous condition and City's knowledge of same.

### A.    Unreasonably Dangerous Condition

Whether a specific condition is unreasonably dangerous is ordinarily a fact question. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). However, some particularly innocuous or commonplace hazards are not unreasonably dangerous as a matter of law. *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022).

A condition is unreasonably dangerous if "there is sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Id.* at 803 (quoting *Seideneck*, 451 S.W.2d at 754). That a condition could injure someone is not evidence that it poses an unreasonable risk of harm. *Id.* at 804. Landowners are not insurer of a visitor's safety, and they are not obligated to make the premises foolproof. *Id.* (citing *Del Lago Partners, Inc v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010)).

In determining whether a condition is unreasonably dangerous, we consider whether the relevant condition was clearly marked, its size, whether it had previously

–10–

caused injuries or generated complaints, whether it substantially differed from conditions in the same class of objects, and whether it was naturally occurring. *See, e.g.*, *Seideneck*, 451 S.W.2d at 754; *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007); *Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675–76 (Tex. 2004). For the reasons set forth herein, we conclude that the evidence presented here establishes the variance in brick paver height was not unreasonably dangerous as a matter of law.

In this case, Burke alleged the premise defect was the unevenness of the pavers. She relied on photographs of the area where she fell and invoices for the purchase of paver repair services in response to the City's assertion she could not establish the existence of an unreasonably dangerous condition. The invoices for paver repair services do not establish directly or by inference that those services were secured because the pavers were unreasonably dangerous. They could have been sought for a number of reasons. The invoices do not describe the paver condition that was repaired or leveled. Moreover, the invoices do not identify the specific location of the repairs and are no evidence of pavers being in need of repair at the time and location of Burch's fall. The photographs show minor, naturally occurring unevenness not dissimilar from the condition expected of the same class of surfaces. Burch presented no evidence indicating the slight variance in brick height yielded other complaints or injuries or was "unusual" relative to other small pavement defects. As was the case in *McIntire*, involving a divot in the store's parking lot that

measured less than an inch deep, the variance in height here was profoundly ordinary. *See McIntire*, 646 S.W.3d at 803. And tiny surface defects in pavement are ubiquitous and naturally occurring. *Id.* We hold the evidence presented by Burke did not raise a genuine issue of fact as to whether the complained of condition was unreasonably dangerous and, in fact, under the unique circumstance presented in this case, established it was not unreasonably dangerous as a matter of law.

## B. Actual Knowledge

Even if the evidence presented by Burch had been sufficient to raise a fact issue concerning the existence of an unreasonably dangerous condition precluding a no-evidence summary judgment on that ground, the City asserted a second ground for no-evidence summary judgment, that being a lack of actual knowledge. "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge, which can be established by facts or inferences that a dangerous condition could develop over time." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008) (per curiam); *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006). "Circumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion." *Stewart*, 249 S.W.3d at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex. 2002)). Awareness of a *potential* problem is

–12–

not actual knowledge of an existing danger. *Reyes v. City of Laredo*, 335 S.W.3d 605, 609 (Tex. 2010).

In determining whether a landowner has actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam); *see also City of Dallas v. Reed*, 258 S.W.3d 620, 622–23 (Tex. 2008) (no prior accidents or complaints about road condition contributed to conclusion of no actual knowledge at time of motorcycle accident).

For example, in *State v. Gonzalez*, the Supreme Court of Texas held that evidence TxDOT knew stop signs had been repeatedly vandalized could not reasonably support the inference that it knew the signs were missing, in the absence of evidence that someone had reported the signs missing before the accident occurred. *Gonzalez*, 82 S.W.3d at 330 (analyzing section 101.060(a)(3) of the Texas Tort Claims Act which also requires actual knowledge). Conversely, in *City of San Antonio v. Rodriguez*, which involved a suit for injuries suffered as a result of a fall on a wet public basketball court, the evidence established that the City knew that the rain would drip to the floor through admitted leaks in the roof of the recreation center. *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 537 (Tex. 1996). The City's employee in charge of the building had contemporaneous actual knowledge of the dangerous condition in the vicinity of the hazard—he knew of leaks in the

roof and knew that it had been raining. *Id.* The Supreme Court of Texas held that, "[d]epending on the position of the leaks above the floor and the amount of rain, the jury might have inferred that the person in charge knew that there would be water on the floor." *Id.* This was a direct and reasonable inference from the evidence submitted. Accordingly, the court rejected the City's contention that there was no evidence of actual knowledge. *Id.*

Burch points to no direct evidence of the City's knowledge. Rather, Burch urges this Court to apply the constructive knowledge standard applicable in special defect cases and involving situations where a condition lasted long enough to give an owner a reasonable opportunity to discover same. We decline to do so because this is an alleged premise defect case and not a special defect case. *Compare Sampson*, 500 S.W.3d at 391 (if condition is a premise defect, actual knowledge, rather than constructive knowledge of dangerous condition required), *with City of Uvalde v. Pargas*, No. 04-23-00150-CV, 2023 WL 7005872, at *5 (Tex. App.—San Antonio Oct. 25, 2023, no pet.) (mem. op.) (citing *City of Weston v. Gaudette*, 287 S.W.3d 832, 838 (Tex. App.—Dallas 2009, no pet.) ("A city's duty to warn of a special defect exists even if the city has only constructive knowledge.")). In an effort to have us infer the City actually knew about the alleged defect in the brick pavers, Burch cites to the invoices for paver repair services. As stated *supra*, these invoices are nonspecific in location and condition. Unlike the evidence presented in *Rodriguez*, neither the invoices nor any inference arising therefrom raise a fact

–14–

question on the City's actual knowledge that a dangerous condition existed when and where Burch fell. Burch presented no evidence the City has received reports of prior injuries or reports of any danger presented by the slight variance in brick height. As the Legislature created an actual, not constructive, knowledge standard for waiver of immunity, we conclude that Burch failed to raise a fact issue regarding the City's knowledge of a dangerous condition.

Because Burch failed to meet her burden in responding to the City's no-evidence motion for summary judgment, the trial court erred in denying the City's no-evidence motion. We sustain the City's second issue. Accordingly, we need not address the City's first issue addressing the denial of its traditional motion for summary judgment on Burch's claim against the City. TEX. R. APP. P. 47.1; *Merriman*, 407 S.W.3d at 248; *Bock*, 675 S.W.3d at 41.

## CONCLUSION

We conclude that the City's immunity from suit is not waived, and the trial court erred by denying the City's motion for summary judgment on jurisdictional grounds.

Accordingly, we reverse the trial court's December 13, 2023 order denying the City's motion and render judgment granting the City's motion for summary judgment on jurisdictional grounds and dismissing Burch's claim against the City for lack of jurisdiction.

_/Nancy Kennedy/_
NANCY KENNEDY
JUSTICE

240078F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CITY OF SAN ANTONIO,
Appellant

No. 05-24-00078-CV     V.

DRANA BURCH, Appellee

On Appeal from the County Court at
Law No 3, Bexar County, Texas
Trial Court Cause No.
2021CV00371.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, the December 13, 2023 order of the trial court denying the City of San Antonio's motion for summary judgment is **REVERSED** and judgment is **RENDERED** that:

The City of San Antonio's motion for summary judgment on jurisdictional grounds is granted and Drana Burch's claim against the City of San Antonio is dismissed for lack of jurisdiction.

It is **ORDERED** that appellant CITY OF SAN ANTONIO recover its costs of this appeal from appellee DRANA BURCH.

Judgment entered this 3rd day of October 2024.