CITY OF DALLAS, Petitioner,

v.

Kenneth REED, Respondent.

No. 07–0469.

Supreme Court of Texas.

May 16, 2008.

Rehearing Denied Aug. 29, 2008.

Thomas P. Perkins Jr., Patricia Medrano, Barbara E. Rosenberg, City Attorney's Office, Dallas, TX, for Petitioner.

Mark A. Ticer, Law Office of Mark Ticer, Dallas, TX, for Respondent.

Doreen E. McGookey, City Attorney, Sherman, TX, Darrell G–m Noga, Fee, Smith, Sharp & Vitullo, Dallas, TX, Evelyn Waithira Njuguna, Texas Municipal League, Adam Warren Aston, Assistant Solictor General, Austin, TX, for Amicus Curiae.

PER CURIAM.

■ In this premises liability case, we are asked to decide whether a two-inch difference in elevation between traffic lanes on a roadway constitutes a special defect as a matter of law under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.022(b). The court of appeals held this road condition was a special defect, finding the two-inch difference in elevation "an unusual or unexpected danger to normal users of roadways." 222 S.W.3d 903, 909 (quoting State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex.1992)). Because we conclude that a two-inch variance in elevation between traffic lanes is not a special defect, we reverse the court of appeals' judgment and dismiss the case.

Kenneth Reed brought suit against the City of Dallas to recover personal injury damages from a motorcycle accident caused by a two-inch elevation variance on the roadway as he changed lanes. Reed alleges the sharp unevenness between the traffic lanes constitutes either a special defect or a premises defect under the Texas Tort Claims Act. In response, the City filed a plea to the jurisdiction, arguing the two-inch elevation difference between the lanes was not a defect of any kind to waive the City's immunity under the Act. The trial court, however, denied the plea, and the City filed an interlocutory appeal. The court of appeals affirmed the trial court's denial of the plea to the jurisdiction, finding Reed pled a cognizable cause of action. 222 S.W.3d at 909.

Before reaching the merits, we must consider the issue of our own jurisdiction. Generally, a court of appeals' decision in an interlocutory appeal is final, unless an exception applies, such as when a court of appeals holds differently from a prior decision of this Court or another court of appeals. TEX. GOV'T CODE §§ 22.225(b), (c); 22.001(a)(2). Decisions that hold differently are defined to include those that have an "inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." Id. § 22.225(e). Such a conflict exists here because the court of appeals' opinion is inconsistent with our decisions in Harris County v. Eaton, 573 S.W.2d 177, 178–80 (Tex.1978), and City of El Paso v. Bernal, 986 S.W.2d 610, 611 (Tex.1999).

■ Generally, the State of Texas has sovereign immunity from suit unless waived by the Legislature. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001). The Legislature, however, has provided a limited waiver of immunity to suit for tort claims arising from special defects under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.022(b). Special defects are defects of the same kind or class as "excavations or obstructions on highways, roads, or streets," *Eaton*, 573 S.W.2d at 179, that present an "unexpected and unusual danger to ordinary users of roadways," *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex.1999) (per curiam). Where a special defect exists, the State owes the same duty to warn as a private landowner owes to an invitee. *Payne*, 838 S.W.2d at 237. That duty requires the State to use ordinary care to reduce or eliminate an unreasonable risk of harm, which the State knew or reasonably should have known. *Id.* The existence of a special defect is a question of law, which we review de novo. *State Dep't of Highways & Pub. Transp. v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993) (per curiam).

The court of appeals held the two-inch drop-off is a special defect as a matter of law because it posed "an unusual or unexpected danger to the normal users of roadways." 222 S.W.3d at 909. This Court, however, has traditionally distinguished special defects by some unusual quality outside the ordinary course of events. *Compare Eaton*, 573 S.W.2d at 178–80 (large hole ten inches deep and nine feet wide covering ninety percent of the road's width was a special defect), *with Bernal*, 986 S.W.2d at 611 (worn or depressed area in a sidewalk with a depth of three inches was not a special defect); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997) (partially cracked and crumbled sidewalk step was not a special defect); *Rodri-*

*guez*, 985 S.W.2d at 83 (ninety-degree turn in a detour for a road construction project was not a special defect). Not only is the two-inch drop-off here not in the same kind or class as an excavation or obstruction, there is nothing unusually dangerous about a slight drop-off between traffic lanes in the roadway. *See, e.g., Porter v. Grayson County*, 224 S.W.3d 855, 859 (Tex.App.–Dallas 2007, no pet.). Ordinary drivers, in the normal course of driving, should expect these slight variations on the road caused by normal deterioration. Thus, to construe a two-inch drop-off to be within the same kind or class as an excavation or obstruction would "grossly strain[ ] the definitions of those conditions." *Roberts*, 946 S.W.2d at 843.

■ Because this two-inch drop-off is not a special defect, we must decide whether it is a premises defect. The legal distinction between a premises and special defect lies in the duty owed by the State to the person injured. *Payne*, 838 S.W.2d at 237. If the two-inch drop-off is a premises defect, the City owed Reed the same duty a private landowner owes a licensee. Tex. Civ. Prac. & Rem.Code § 101.022(a). That duty requires a landowner not to injure a licensee by willful, wanton, or grossly negligent conduct; furthermore, the landowner must use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *Payne*, 838 S.W.2d at 237.

In determining whether a premises owner has actual knowledge, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *The Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511 (Tex.2008) (per curiam). Here, to prove the City had actual knowledge, Reed submitted the City

street inspector's deposition testimony, showing she was aware of the drop-off on the roadway and had reported her findings to the City. Although the street inspector gave her report to the City, the report did not reveal the drop-off's potential danger. On the contrary, the inspector gave the street a "C" rating, which meant the road condition was "fair" at the time of inspection. It was not until after the accident, during a deposition, that the street inspector acknowledged the road could likely receive a poor "D" rating. But, "[a]ctual knowledge requires knowledge that the dangerous condition existed at the time of the accident." *City of Corsicana v. Stewart*, 249 S.W.3d 412 (Tex.2008) (per curiam). No such knowledge exists here. Additionally, there were no reported accidents caused by the two-inch drop-off prior to Reed's motorcycle accident or any complaints about this road condition. Thus, because there is no evidence that the City willfully or negligently caused Reed's injuries, or that it was aware the two-inch drop-off created an unreasonable risk of harm, the two-inch drop-off will not give rise to a premises defect claim.

Accordingly, because we conclude that a two-inch difference in elevation between traffic lanes is not in the same kind or class as an excavation or obstruction to be a special defect, and that the City lacked actual knowledge of the allegedly dangerous condition, we grant the petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment and dismiss the case. TEX. R.APP. P. 59.1.