Court Of Appeals
Fourth Court of Appeals District of Texas



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00837-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

**TEXAS MUTUAL INSURANCE COMPANY** & Fernando Hernandez
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-11523
Honorable David A. Berchelmann Jr., Judge Presiding[1]

Opinion by: Steven C. Hilbig, Justice
Dissenting opinion by: Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   January 14, 2009

REVERSED AND RENDERED

This is an interlocutory appeal from an order denying the City of San Antonio's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (Vernon Supp. 2008). The City appeals, contending the trial court erred in denying its plea because it did not waive governmental

---

[1] The Honorable Barbara Nellermoe, presiding judge of the 45th Judicial District Court, Bexar County, Texas, conducted the hearing on the plea to the jurisdiction and orally denied it; however, the Honorable David A. Berchelmann Jr. signed the written order.

immunity. We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing the cause for lack of subject matter jurisdiction.

## BACKGROUND

This claim concerns the condition of an approximately six-foot-wide grassy strip of land ("the parkway") located between a sidewalk at Central Catholic High School and the curb abutting Dallas Street in San Antonio, Texas. The City owns a right-of-way on the parkway and has a storm drain pipe below it.

In July 2003, Fernando Hernandez, a high school employee acting in the course and scope of his employment, drove a Bobcat tractor onto the parkway. Hernandez was injured when he and the Bobcat "fell into the hole that was created when the earth beneath the Bobcat collapsed." Hernandez made a workers' compensation claim that was paid by the high school's workers' compensation carrier, Texas Mutual Insurance Company ("TMIC"). TMIC then filed suit against the City as Hernandez's subrogee, claiming the City was responsible for the injuries. *See* TEXAS LABOR CODE ANN. § 417.001(b) (Vernon Supp. 2008). Hernandez intervened seeking damages exceeding those paid by TMIC. The City filed a plea to the jurisdiction on the ground that it had not waived governmental immunity.

## SOVEREIGN IMMUNITY

Sovereign immunity deprives a trial court of subject matter jurisdiction. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A governmental entity is generally immune from suit unless the immunity is waived by the Legislature. *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008). The Texas Legislature has provided a limited waiver of immunity for tort claims arising from a condition or use of real property "if the governmental unit would, were it

a private person, be liable to the claimant." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). These premises liability claims take two forms, ordinary premises defect or special defect, depending on the condition of the property. *See id.* § 101.022 (Vernon Supp. 2008).

In an ordinary premises liability claim and in a claim for gross negligence, the duty owed by the governmental unit is the same duty owed by a private landowner to a licensee, which requires a landowner not to injure a licensee by willful, wanton or grossly negligent conduct and to use ordinary care to warn or make reasonably safe a dangerous condition of which the owner has actual knowledge. *State Dept. of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a)). To establish a waiver of immunity in a ordinary premises defect case, "the plaintiff must show the governmental entity had actual knowledge 'of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop.'" *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008) (quoting *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006)). To establish a waiver of immunity based on gross negligence, the plaintiff must show: (1) the act or omission, when viewed objectively from the actor's standpoint, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

If the assertion is that a special defect exists, the duty owed by the governmental unit is that owed by a private landowner to an invitee, which requires an owner to use ordinary care to reduce

or eliminate unreasonable risks of harm of which the owner is aware or reasonably should be aware. *Reed*, 258 S.W.3d at 622 (citing *Payne*, 838 S.W.2d at 237).

TMIC and Hernandez alleged both ordinary and special defects, as well as gross negligence, as bases for a waiver of immunity. The City contends it established there was no waiver as a matter of law because, among other things (1) it did not have actual knowledge of a dangerous condition likely to cause the injury alleged at the time of the accident; (2) any defect on the parkway was not a special defect; and (3) it was not grossly negligent.

## STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to allege facts demonstrating jurisdiction and we construe the pleadings liberally in its favor. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, as the City's plea does here, the trial court reviews the relevant evidence to determine whether a fact issue exists. *See id.* at 227. If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea and the issue must be resolved by the trier of fact. *Id.* at 227-28. If the evidence is undisputed or fails to raise a fact question, the trial court must rule on the plea as a matter of law. *Id*. at 228. We review the trial court's ruling *de novo*. *Id*. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference in its favor. *Id*. Similarly, whether a condition is a "special defect" is a question of law, which we review *de novo*. *Reed*, 258 S.W.3d at 622.

## DISCUSSION

The City does not dispute that TMIC and Hernandez met the jurisdictional pleading requirements. All parties submitted evidence in support of and opposed to the plea. The dispositive

issues in this appeal are whether the evidence before the trial court raised a fact question regarding the City's actual knowledge of the dangerous condition that caused Hernandez's injury or of the extreme degree of risk it posed and whether the defect on the parkway was a special defect.

### *Ordinary Premises Defect – Actual Knowledge*

The City argues there was no evidence before the trial court that it actually knew the sinkhole existed before Hernandez's accident. *See Stewart,* 249 S.W.3d at 414-415; *Thompson*, 210 S.W.3d at 602. The City's knowledge that deteriorating conditions below the surface might at some time in the future result in a sinkhole is insufficient to establish waiver of immunity. *See id.* Taking appellees' evidence as true and indulging all inferences therefrom in their favor, the evidence established:

• in 2000, David Ibanez, the high school's chief of maintenance, noticed the ground was separating from the buildings and the sidewalks were sliding away

• Ibanez investigated and concluded the main storm drain under the parkway was damaged

• Ibanez believed there was a cavern under the parkway constituting a hazard

• high school representatives called the City but obtained no relief

• in 2002, the storm drain collapsed causing a sinkhole on the parkway

• in January 2002, the City responded, but merely did a "patch job" on the drain

• Ibanez entered the sinkhole and saw the main storm drain had collapsed and noticed other damaged portions of the drain

• Ibanez informed the City workers that the entire pipe needed to be replaced, but was told the pipe was only going to be patched because of other priority jobs

• Ibanez complained to City workers about the "lousy" patch job and told the supervisor that without proper repairs there would be another sinkhole

•when the City patched the pipe and filled in the first sinkhole, it left the parkway in a hazardous condition because it failed to level the area and left dirt clods, concrete, and other debris

•high school representatives called the City numerous times to request the City return and clean up the parkway

•when the City failed to return to level parkway and clean up debris from repair of first sinkhole, Hernandez was told to take care of it

•in July 2003, Hernandez drove a Bobcat tractor onto the parkway to level it and clear the debris

•while Hernandez was on the parkway in the Bobcat, the parkway collapsed, the front of the Bobcat fell two to two-and-one-half feet into a sinkhole, and Hernandez was injured by the whiplashing motion caused by the fall

•the second sinkhole was several feet away from the first one

•after the second sinkhole appeared, high school representatives called the City, which later came to the accident site

This evidence does not raise a fact issue on the City's actual knowledge. "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time." *Stewart*, 249 S.W.3d at 414-15. In *Stewart*, the supreme court held the City of Corsicana's knowledge of previous floods on a roadway crossing, knowledge of a crossing flooded one mile upstream, and knowledge of inclement weather in the area, was not actual knowledge that the crossing from which several individuals were swept away was flooded at the time the accident occurred. *Id*. Similarly, the supreme court held in *Thompson* that a city's knowledge that a floor cover plate could loosen and raise up over time and needed inspection and maintenance to prevent it was not the type of actual knowledge required for liability in a premises defect claim. 210 S.W.3d at 603. The City's knowledge in this case is analogous to the governmental entities'

knowledge in *Stewart* and *Thompson*. While the City may have been warned that a second sinkhole was likely, that did not constitute actual knowledge of the dangerous condition. The law clearly requires the sinkhole to have developed and the City to be aware of its existence. Accordingly, we hold there is no fact issue on actual knowledge so as to constitute a waiver of the City's immunity.

The dissent suggests a fact issue exists with regard to actual knowledge because Ibanez believed that a second sinkhole was likely and expressed his concern to City workers. We respectfully disagree. The record establishes Ibanez's warning came eighteen months before the appearance of the second sinkhole. The record further establishes that until Hernandez drove the Bobcat onto the parkway, neither the City nor anyone else had knowledge of the second sinkhole.

### *Gross Negligence*

For gross negligence to exist, the act or omission at issue must involve an extreme degree of risk and the actor must have actual, subjective awareness of the risk involved. *Ellender*, 968 S.W.2d at 921. The extreme risk prong of gross negligence is not satisfied by a remote possibility of injury or even a significant probability of minor harm, but only by the likelihood of serious injury to the plaintiff. *Moriel*, 879 S.W.2d at 22. The evidence, even when considered in the light most favorable to TMIC and Hernandez, establishes the City was aware of a risk of injury because of the debris left on the parkway and the irregularity of the ground. As for the risk of a second sinkhole, there is no evidence the City knew it existed; rather, the evidence is that the City knew eighteen months before the second sinkhole developed that Ibanez believed there would be another sinkhole. This is not evidence of an act or omission involving an extreme degree of risk or of actual, subjective awareness of the risk. Accordingly, the City did not waive immunity based on gross negligence.

### *Special Defect*

TMIC and Hernandez also contend there was no waiver of immunity because the parkway or the sinkhole thereon was a special defect and the City knew or should have reasonably known about it. The City contends the condition was not a special defect as a matter of law. We agree with the City.

Special defects "are defects of the same kind or class as 'excavations or obstructions on highways, roads, or streets' that present an 'unexpected and unusual danger to ordinary users of roadways.'" *Reed*, 258 S.W.3d at 622 (quoting *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978) and *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999) (per curiam)). A special defect need not be on the surface of the road itself, *Payne*, 838 S.W.2d at 238 n.3, but need only be sufficiently related to the street. *See City of El Paso v. Chacon*, 148 S.W.3d 417, 422-23 (Tex. App.–El Paso 2004, pet. denied) (analyzing status of sidewalk). Nevertheless, the defect is a special defect "only if [it] pose[s] a threat to the ordinary users of a particular roadway." *Payne*, 838 S.W.2d at 238 n. 3; *see Reed*, 258 S.W.3d at 622. Even if we assume, as asserted by TMIC and Hernandez, that pedestrians would use the parkway for ingress and egress from the roadway to the sidewalk or that the parkway was an extension of the sidewalk, Hernandez, unlike an ordinary pedestrian on the sidewalk or parkway, was driving a Bobcat on the site. A normal user of the "roadway" in this situation would be a pedestrian using the parkway for ingress and egress from the roadway to the actual sidewalk, not someone using a Bobcat to level and clear the "roadway" of debris.

The authorities cited by TMIC and Hernandez do not alter our decision. In each of those cases, the "user" was employing the area in question in an ordinary manner. *See City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.–Austin 2006, no pet.) (holding city waived immunity in

suit by pedestrian who claimed open meter box on sidewalk was special defect where normal user of roadway was pedestrian on sidewalk); *Chacon*, 148 S.W.3d at 422-23 (holding city waived immunity in suit by pedestrian who claimed hole in sidewalk was special defect where pedestrians were normal users of sidewalk); *Morse v. State*, 905 S.W.2d 470, 475-76 (Tex. App.–Beaumont 1995, writ denied) (holding city waived immunity in suit brought by parent of deceased driver who claimed shoulder drop-off abutting roadway constituted special defect; driver was ordinary user of roadway) .

Accordingly, we hold the City has not waived immunity based on the allegation of special defect. Hernandez was not an ordinary user of the parkway and therefore, as a matter of law, the sinkhole on the parkway was not a special defect.

## CONCLUSION

We sustain the City's second, third, and fourth issues. We need not address the City's remaining issues as these are simply additional bases for reversal. We hold the trial court erred in denying the City's plea to the jurisdiction because there is no basis upon which to find the City waived immunity. Accordingly, we reverse the trial court's judgment and render judgment dismissing the claims against the City for want of subject matter jurisdiction.

Steven C. Hilbig, Justice