NUMBER 13-09-122-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CAMERON COUNTY, TEXAS,
                                               Appellant,

 

v.

 

JUANITA E. PATTERSON,                                                  
Appellee.

                                                                                                                     
  

 

On appeal from County
Court at Law No. 2 

of Cameron County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Benavides, and Vela 

Memorandum Opinion by
Justice Vela

 

            This is an appeal from the trial court’s
denial of a plea to the jurisdiction filed by Cameron County, Texas (“the
County”).  Juanita E. Patterson, the appellee, sued the County, alleging that
she was injured while traveling on a road owned and maintained by the County. 
By two issues, the County claims that it owes no duty to maintain rural roads,
so the trial court lacked subject matter jurisdiction.  Alternatively, the
County argues that there was no waiver of immunity because the potholes that
Patterson claimed were the cause of her injuries were not special defects.  We
affirm.

I.  Background

            Patterson filed suit against
the County, alleging that the road she was traveling on when the accident
occurred was “owned and maintained by the Defendant.”  She claimed she was
unable to steer the vehicle as it went from “deep pothole to deep pothole.” 
She pleaded that “the road condition, which was not known to plaintiff at the
time of the accident, was in a dangerously poor and unsafe condition.”  The
pleadings described the condition of the road as a special defect.  

The County filed a plea to the
jurisdiction, claiming that the particular road in question is a rural, unpaved
caliche road that has a blacktop spray, but is not asphalted.  The County
pointed out that Patterson lives and works on the road where the accident
occurred.  The County urged that counties have never been vested with the
responsibility of street maintenance, which is a proprietary function. 
However, at the hearing, counsel for the County stated that the County is
liable for a premises defect if it was a special defect.  The County also
argued that potholes on rural roads are not special defects.  As such, the
County claimed that Patterson was required to plead and prove that the County
had actual knowledge of the dangerous conditions she alleged in her pleadings. 


Patterson responded by alleging that the
County maintained and controlled the road, the road is not under the control of
any city municipality, the county road was in disrepair and there were no
warnings of any kind, and the County knew or should have known that the
condition of the road posed a danger to the public.  She pleaded that “these
potholes are not ordinary potholes as the Defendant would have this Court
believe but were of such size and depth” that they caused her to lose control
of her vehicle.  

The trial court held a hearing at which
Patterson introduced photographs of the potholes she claims constitute a
special defect.  The County argued that it had no duty to fix the road.  No
other evidence was offered.  The trial court denied the plea to the
jurisdiction at the close of the hearing.  

II. Applicable Law

Sovereign immunity from suit deprives a
trial court of subject-matter jurisdiction for lawsuits in which the state or
certain governmental units have been sued unless the state consents to suit. 
Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex.
2004).  Sovereign immunity from suit defeats a trial court's subject-matter
jurisdiction and is properly asserted in a plea to the jurisdiction.  Id.
at 225-26.  The Texas Tort Claims Act provides a limited immunity waiver for
torts arising from either premises defects or special defects.  Tex. Civ. Prac. & Rem. Code Ann. §
101.022(a), (b) (Vernon Supp. 2010).  When a plea to the jurisdiction
challenges the jurisdictional facts, the trial court must review the relevant
evidence to determine if a fact issue exists.  Miranda, 133 S.W.3d at
226.  The plaintiff bears the burden to allege facts demonstrating jurisdiction
and the pleadings are construed liberally in plaintiff’s favor.  Id.  If
the pleadings do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading deficiency and the plaintiff should
be given the opportunity to amend.  Id. at 226-27.  If the evidence
raises a fact issue on jurisdiction, the trial court may not grant the plea,
and the issue must be resolved by the trier of fact.  Id.  When
reviewing a trial court’s ruling on a challenge to its jurisdiction, we
consider the plaintiff’s pleadings as well as the factual assertions, and any
other evidence in the record that is relevant to the jurisdictional issue.  City
of Elsa v. Gonzalez, 325 S.W.3d 622, 625 (Tex. 2010).  If the evidence is
undisputed or fails to raise a fact issue, the trial court must rule on the
plea as a matter of law.  Id. at 228.

Section 101.022(a) of the Texas Tort
Claims Act limits the government's duty to prevent injury from premise defects
to those of which it has actual knowledge.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (“Except as
provided in Subsection (c) [pertaining to toll roads], if a claim arises from a
premise defect, the governmental unit owes to the claimant only the duty that a
private person owes to a licensee on private property, unless the claimant pays
for the use of the premises.”); State Dep't of Highways & Pub. Transp.
v. Payne, 838 S.W.2d 235, 237 (Tex. 1992) (“[A] licensee must prove that
the premises owner actually knew of the dangerous condition, while an invitee
need only prove that the owner knew or reasonably should have known.”).  But
the limitation does not apply to “special defects such as excavations or
obstructions on highways, roads, or streets.”  Tex. Civ. Prac. & Rem. Code § 101.022(b); Denton County
v. Beynon, 283 S.W.3d 329, 331 (Tex. 2009) (“Where a special defect exists,
the State owes the same duty to warn as a private landowner owes to an invitee,
one that requires the State ‘to use ordinary care to protect an invitee from a
dangerous condition of which the owner is or reasonably should be aware.’” 
(quoting Payne, 838 S.W.2d at 237) (footnotes omitted)).  The
Legislature does not define a special defect, but discusses conditions “such as
excavations or obstructions on highways, roads or streets.”  Tex. Civ. Prac. & Rem. Code Ann. §
101.022(b); Univ. of Tex. v. Hayes, 327 S.W.3d 113, 116 (Tex. 2010). 
Conditions may be special defects only if they pose a threat to ordinary users
of a particular roadway.  Beynon, 283 S.W.3d at 331.  Whether a
condition is a special defect is a question of law.  City of El Paso
v. Bernal, 986 S.W.2d 610, 611 (Tex. 1999).

The supreme court has stated that the
class of special defects is narrow.  Hayes, 327 S.W.3d at 116.  For
instance, an oval pothole covering ninety percent of the highway is a special
defect, while a two-inch drop in a roadway is not.  Id.  The issue of
whether a defect is a “special defect” “turns on the objective expectations of
an ‘ordinary user’ who follows the ‘normal course of travel.’”  Id. (citing
Beynon, 283 S.W.3d at 332).  Conditions can be special defects only if they
pose a threat to the ordinary users of a particular roadway.  Beynon,
283 S.W.3d at 332.  The central inquiry is whether the condition is of the same
kind or falls within the same class as an excavation or obstruction.  Tex.
Dep’t of Transp. v. York, 284 S.W.3d 844, 847 (Tex. 2009).  The
supreme court has traditionally distinguished special defects by “some unusual
quality outside the ordinary course of events.”  Dallas v. Reed, 258
S.W.3d 620, 622 (Tex. 2008).  A gaping, impassable hole is outside the ordinary
course of events, unlike the expectation of potholes and ruts on an unpaved
rural road.  See Durham v. Bowie County, 135 S.W.3d 294, 297 (Tex.
App.–Texarkana 2004, no pet.).  When determining if a condition is a special
defect, courts consider:  (1) the size of the condition, (2) whether the
condition unexpectedly and physically impairs the vehicle’s ability to travel
on the road, (3) whether the condition presents some unusual quality apart from
the ordinary course of events, and (4) whether the condition presents an
unexpected and unusual danger to the ordinary users of the roadway.  Hayes, 327
S.W.3d at 116.

III. Analysis

In our review, we determine only if
Patterson stated a claim upon which relief can be granted.  We construe the
facts in the plaintiff’s favor, but note that it is clearly her burden to
allege facts showing jurisdiction.  Miranda, 133 S.W.3d at 226. 
Patterson’s pleadings allege that the County controlled and maintained the road
upon which she was injured.  While the County argues that municipalities are
charged with the responsibility of maintaining the roads, it did not deny that
it maintained this road.  Nor does the County offer any contrary evidence
regarding which entity was actually charged with maintaining the road in
issue.  Looking at the plaintiff’s pleadings in the light most favorable to
her, we conclude that she has properly pleaded that the County maintains the
road. 

Patterson has also pleaded that the
potholes in question were deep and were of such a size and depth that they
caused her to lose control of her vehicle.  In her amended pleadings, which she
verified, she asserted that “Plaintiff . . .  was unable to steer her motor
vehicle as it went from deep pothole to deep pothole. . . .  The road
condition, which was not known to Plaintiff at the time of the accident, was in
a dangerously poor and unsafe condition.  This special defect or condition on
the road proximately caused the accident in question. . . .” 

Patterson did not allege that the
potholes were either obstructions or excavations, or allege facts to show the
depth or width of the potholes.  However, she asserted that the potholes were
not ordinary potholes.  She claimed that she did not know the condition of the
road at the time and alleges that the County knew or had reason to know “of the
unsafe and dangerous condition of the road.”  There is an expectation of
potholes and ruts on unpaved rural roads.  Special defects are traditionally
distinguished by some “unusual quality outside the ordinary course of events.” 
Reed, 258 S.W.3d at 622.  Patterson pleaded the fact that the potholes
in question were not ordinary, they were deep, and she asserted that she went
from pothole to pothole before hitting a utility pole.  At the hearing, she
introduced photos of a road showing what appear to be deep potholes.  We
have no idea of the potholes’ width, depth, or even if they represent the
condition of the road at the time this accident occurred.  But, we recognize
that those photos were before the trial court when it ruled.

The pleadings filed by Patterson assert
that the potholes were out of the ordinary and of such size and depth that they
caused her to lose control of her vehicle.  Construing the pleadings in
Patterson’s favor and considering the evidence in the record that is relevant
to the jurisdictional issue, Patterson has pleaded sufficient facts
demonstrating jurisdiction.  We overrule the County’s issues.

 

 

 

 

IV.
Conclusion

We
affirm the judgment of the trial court.  

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

10th day of March,
2011.