**REVERSED; and Opinion Filed August 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01424-CV

### TEXAS DEPARTMENT OF TRANSPORTATION, Appellant
### V.
### GLENDA REID, Appellee

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-18-0104**

# MEMORANDUM OPINION

Before Chief Justice Burns and Justices Richter[1] and Rosenberg[2]
Opinion by Justice Richter

In this interlocutory appeal, the Texas Department of Transportation (TxDOT) appeals the

trial court's order denying its plea to the jurisdiction. Concluding TxDOT is entitled to relief, we

reverse the trial court's order and render judgment dismissing the case for want of jurisdiction.

### BACKGROUND

Appellee Glenda Reid was injured when she fell from her bicycle after riding into a crevice

that had formed in a joint where the sidewalk meets a storm inlet drain structure along a four-lane,

divided highway in Heath, Texas. The joint was supposed to be filled with a fiberboard filler, but

the joint had expanded and the fiberboard was either missing or had dropped down, leaving a space

---

[1] The Honorable Martin Richter, Justice, Retired, sitting by assignment.

[2] The Honorable Barbara Rosenberg, Justice, sitting by assignment.

six inches deep, seventy-five inches long, and two inches wide. Although Reid had ridden before over the section of sidewalk where she was injured, she was unaware of the crevice.

During a deposition, the TxDOT area engineer with responsibility over the road agreed that the crevice in the joint was a safety hazard and not one the public would expect to encounter. The engineer also testified that TxDOT's contract with the City of Heath assigned to the City the duty to maintain the sidewalk. After Reid's accident, the City of Heath notified TxDOT of the issue and TxDOT repaired the condition. In an affidavit, the area engineer averred that TxDOT had no actual knowledge of the crevice in the sidewalk at the time of Reid's accident. It is undisputed that TxDOT had no specific information of the existence of the crevice until it received notice from the City of Heath.

Reid sued TxDOT for negligence alleging TxDOT knew from the design chosen that the sidewalk structures would eventually separate and cause gaps to open but it failed to inspect and maintain the sidewalk. Reid alleged that the crevice created by the expansion of the joint was a "special defect" for which TxDOT owed Reid a duty to warn and make the condition safe. TxDOT responded that this suit is barred by its sovereign immunity, generally denied Reid's claims, and alleged Reid's negligence caused or contributed to the accident. TxDOT filed a plea to the jurisdiction asserting the trial court lacked subject matter jurisdiction because Reid's cause of action did not fall within the limited waiver of sovereign immunity set forth in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq*. After conducting a short hearing, the trial court denied the plea to the jurisdiction.

On appeal, TxDOT contends the crevice is an ordinary defect rather than a special defect requiring a higher duty of care, the defect arises from TxDOT's exercise of discretion in the design of the sidewalk which is exempted from suit, and Reid's bicycling is a recreational use for which TxDOT owes a more limited duty of care. Reid concedes that she does not claim that the design

of the sidewalk was a design defect. Because the designation of the crevice as an ordinary or special defect is decisive, we need only discuss the State's first contention.

## DISCUSSION

Whether the trial court has subject matter jurisdiction is a question of law properly asserted in a plea to the jurisdiction. *Sampson v. Univ. of Tex.*, 500 S.W.3d 380, 384 (Tex. 2016). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id*. If the plaintiff's factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Id*. at 221. When the evidence supporting the plea implicates the merits of the case, we take as true all evidence favorable to the plaintiff and make every reasonable inference and resolve all doubts in the plaintiff's favor. *Id*. at 228.

Sovereign immunity protects The State of Texas and its agencies, such as TxDOT, from lawsuits for damages unless immunity has been waived. *Texas Dept. of Transp. v. York*, 284 S.W.3d 844, 846 (Tex. 2009) (per curiam). The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity for claims of personal injury and death caused by a condition or use of tangible personal or real property if a private person would be liable to the claimant under the same circumstances. TEX. CIV. PRAC. & REM. CODE §§ 101.021(2); 101.025. The duty of care the governmental entity owes to a claimant depends upon whether the condition of real property causing the personal injury or death is a premises defect or a special defect. *See id*. § 101.022.

If the claim arises from a premises defect, the governmental unit owes the claimant the duty that a private person would owe to a licensee on private property. *See id*. § 101.022(a). That duty requires the governmental unit to not injure the claimant through willful, wanton or grossly negligent conduct; and to use ordinary care to either warn the claimant or to make reasonably safe a dangerous condition of which the governmental entity is aware and the claimant is not. *Sampson*, 500 S.W.3d at 385.

If the claim arises from a special defect, the governmental unit owes the duty that a private landowner would owe to an invitee. *See* TEX. CIV. PRAC. & REM. CODE § 101.022(b). Under this standard, the landowner owes the invitee the duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is aware or reasonably should be aware. *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

The TTCA does not define "special defect" but it does give, as examples, "excavations or obstructions on highways, roads or streets. . . ." *See* TEX. CIV. PRAC. & REM. CODE § 101.022(b). Thus, a defect must be in the same class as an excavation or obstruction in the roadway to qualify as a special defect. *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012). The class of special defects is narrow. *Id*. In deciding whether a condition is "like an excavation or obstruction," the supreme court has mentioned the following helpful characteristics: "(1) the size of the condition; (2) whether the condition unexpectedly and physically impairs an ordinary user's ability to travel on the road; (3) whether the condition presents some unusual quality apart from the ordinary course of events; and (4) whether the condition presents an unexpected and unusual danger." *City of Denton v. Paper*, 376 S.W.3d 762, 765 (Tex. 2012); *see also York*, 284 S.W.3d at 847. Whether a defect should be classified as a premise defect or a special defect is a question of law we review *de novo*. *Perches*, 388 S.W.3d at 655.

*Special Defect*

TxDOT contends the crevice was neither an obstruction nor an excavation. It emphasizes the first two factors identified in *Paper* and it argues that given the crevice's size and position, Reid could have simply pedaled around it. In making this argument, TxDOT relies primarily upon *Paper*, this Court's opinion in *City of Lancaster v. LaFlore*, and by way of contrast, the supreme court's opinion in *County of Harris v. Eaton*.

In *Paper*, the plaintiff was injured when her bicycle rolled into a "sunken area" in the street causing her to flip over the handlebars. *See Paper*, 376 S.W.3d at 764. The sunken area was described as ranging from two inches to a pencil length deep and extended across a portion of the right lane of the street. *See id*. at 764–65. Rejecting the court of appeals's conclusion that the sunken area constituted a special defect, the supreme court noted that photographs of the condition showed the plaintiff had ample room to ride around the condition without entering the opposing traffic lane. *Id*. at 765. Furthermore, the supreme court cited its prior opinions holding that "variations in public roadways of a few inches are not the same as the excavations or obstructions mentioned in the Act." *Id*. In *LaFlore*, this Court determined that a partially dislodged manhole cover was not a special defect because a manhole is not of the same class as an excavation or obstruction, it is of limited size, and the manhole at issue straddled the center lane of the roadway, thus not forcing the plaintiff to deviate from the normal course of the road to avoid it. *See City of Lancaster v. LaFlore*, No. 05-17-01443-CV, 2018 WL 4907843, at *5 (Tex. App.—Dallas Oct. 10, 2018, no pet.) (mem. op.).

Both *Paper* and *LaFlore* drew contrasts between their respective cases and *Eaton*. *See Paper*, 376 S.W.3d at 766; *LaFlore*, 2018 WL 4907843, at *5. In *Eaton*, the plaintiff motorist and her passengers were injured when her car flipped after striking a huge excavation that extended across ninety percent of the roadway. *See Cty. of Harris v. Eaton*, 573 S.W.2d 177, 178–79 (Tex.

1978). Noting the size of the obstruction and characterizing it as "a ditch across the highway," the supreme court held the excavation was a special defect. *See id.* at 179–80.

In response, Reid argues the crevice is an excavation, citing *LaFlore* for the proposition that an "excavation" is a "cavity." *See LaFlore*, 2018 WL 4907843, at \*3. However, Reid seeks to distinguish *Paper* and *LaFlore* on the basis that the hazards in those cases were clearly visible and easily avoidable. Reid relies on affidavits she and her husband filed averring that the crevice she encountered is not clearly visible because shadows create the appearance that it is filled and no different from other sidewalk joints she routinely encounters on her bicycle rides. Reid urges the Court to emphasize the last two factors identified in *Paper* and conclude that the crevice was a special defect because it was unusual, unexpected, and dangerous. However, the Texas Supreme Court has rejected the standard that simply being "an unusual or unexpected danger to the normal users of roadways" is sufficient to establish a special defect. *See City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008) (per curiam).

Nevertheless, Reid cites *Weston v. Gaudette* and *City of Austin v. Rangel* to support her position. First, the *Rangel* case was decided before *Reed*. Thus, the conclusion in *Rangel,* that an eleven-inch wide hole in a sidewalk caused by a missing meter cover was such an unexpected and unusual danger on a public sidewalk that it constituted a special defect, is no longer sufficient. *Compare Reed*, 258 S.W.3d at 622, *with City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.—Austin 2006, no pet.).

Next, in *Weston*, a motorcyclist sued the City of Weston for personal injuries suffered in an accident that occurred when he rounded a turn on a road and encountered a series of deep potholes one of which measured five-to-six inches deep and ten feet wide, extending over the entire traffic lane. *See City of Weston v. Gaudette*, 287 S.W.3d 832, 834, 838 (Tex. App.—Dallas 2009. no pet.). Analogizing the series of potholes to the ditch in *Eaton*, this Court held the potholes were

a special defect. *See id*. at 839. Certainly, the size and nature was the deciding factor in *Weston* not just because the potholes were unusual, unexpected, and dangerous.

Our view of the evidence is that the crevice in this case is much like the sunken area in the road in *Paper* and not at all like the ditch across the road in *Eaton* or the unavoidable series of massive potholes in *Gaudet*. Unlike the excavations and obstructions in *Eaton* and *Gaudet*, the photographs show Reid could have easily avoided the clearly observable crevice by simply riding around it on the sidewalk. Even giving credence to the affidavits of Reid and her husband that shadows masked the true nature of the crevice, no reasonable cyclist paying attention to the course of travel would fail to note the crevice as an area to avoid. Moreover, sidewalk joints are commonly encountered. Reid admitted she rode her bicycle over sidewalk joints regularly. The photographs submitted do not show an unexpected or unusual danger. *See City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam) (photographs and affidavit evidence show worn and depressed area of sidewalk three feet by six feet with a depth of three inches was not unexpected and unusual danger so as to qualify as special defect); *Peterson v. City of Fort Worth*, 966 S.W.2d 773, 774, 776 (Tex. App.—Fort Worth 1998, no pet.) (ten-inch crack in steel plate covering drainage channel that traversed eleven-foot wide sidewalk was not special defect); *Hindman v. State Dept. of Highways & Public Transp.*, 906 S.W.2d 43, 45–46 (Tex. App.—Tyler 1994, writ denied) (rejecting injured bicyclist's argument that difficulty in seeing bump on shoulder of road made it dangerous enough to qualify as special defect when photographs show bump was not hidden or obscured from vision of one approaching it and was easily avoided). Considering the precedents cited by the parties, the characteristics of an excavation or obstruction set forth in *Paper*, and the evidence the parties put forward before the trial court, we conclude the crevice at issue was not a special defect. *See Paper*, 376 S.W.3d at 764–65; *LaFlore*, 2018 WL 4907843, at *5.

*Premises Defect*

Reid further contends that, even if the Court determines the crevice was not a special defect, that she pleaded sufficient jurisdictional facts to show TxDOT is liable for a premises defect and thus give the trial court subject matter jurisdiction. Reid concedes that TxDOT did not have specific knowledge that the sidewalk joint in question had separated and the crevice had formed. Nevertheless, Reid contends TxDOT knew the sidewalk could separate if it was not properly maintained and, because it chose a design that created the condition that allowed the crevice to form, it should be considered to have actual knowledge of the condition sufficient to impose premises liability. We disagree.

To impose liability on TxDOT, Reid would have to show TxDOT had actual knowledge of the existence of the crevice and not just constructive knowledge or the possibility that a dangerous condition could develop over time. *See Sampson*, 500 S.W.3d at 392; *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008). In making a determination whether a premises owner has actual knowledge of a dangerous condition, courts generally consider whether the owner has received reports of prior injuries or reports about the potential danger of the condition. *Sampson*, 500 S.W.3d at 392. The area engineer's affidavit is undisputed evidence showing TxDOT had received no reports about the expanded sidewalk joint before Reid's accident. Thus, we conclude Reid cannot show TxDOT had the necessary actual knowledge to impose liability for a premises defect under the TTCA. Moreover, as the State points out, undisputed evidence shows TxDOT's agreement with the City of Heath showed it is the City that is required to monitor the maintenance needs on the sidewalk.

## CONCLUSION

We conclude Reid has not pleaded sufficient facts demonstrating a waiver of immunity under the TTCA and that the trial court had subject matter jurisdiction with respect to her premises

liability claim. Accordingly, we reverse the trial court's order denying TxDOT's plea to the jurisdiction and render judgment dismissing the case for want of jurisdiction.


        /Martin Richter/

        MARTIN RICHTER
        JUSTICE, ASSIGNED


181424F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TEXAS DEPARTMENT OF
TRANSPORTATION, Appellant

No. 05-18-01424-CV V.

GLENDA REID, Appellee

On Appeal from the 382nd Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 1-18-0104.
Opinion delivered by Justice Richter, Chief
Justice Burns and Justice Rosenberg
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying appellant's plea to the jurisdiction is **REVERSED** and judgment is **RENDERED** dismissing the case for want of jurisdiction.

Judgment entered this 22nd day of August, 2019.